# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA OLNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MCGEE AIR SERVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

# INTRODUCTION

1. Plaintiff MELISSA OLNEY, individually and on behalf all others similarly situated, brings this CLASS AND COLLECTIVE ACTION for damages and statutory penalties for wage and hour violations of behalf of current and former non-exempt employees of Defendant MCGEE AIR SERVICES, INC., pursuant to the Fair Labor Standards Act, Washington Minimum Wage Act ("MWA"), RCW 49.46, and Wage Rebate Act ("WRA"), RCW 49.52.

# PARTIES

### A. Plaintiff

2. Plaintiff MELISSA OLNEY ("Plaintiff") is an individual over 18 years of age who worked for Defendant in Washington as a non-exempt employee from about July 2023 to October 2023. Plaintiff worked as a Training Specialist.

3. Plaintiff and members of the class and collective (collectively, "employees") currently work for or formerly have worked for Defendants.

### B. Defendants

4. Defendant MCGEE AIR SERVICES, INC. ("Defendant" or "MCGEE"), is a Delaware corporation that maintains and conducts business throughout the State of Washington and the United States of America.

5. At all times relevant hereto, Defendant is and was engaged in business of providing aviation services in King County, Washington.

6. Defendant employed Plaintiff and other putative class and collective members during the relevant time periods addressed herein.

# JURISDICTION & VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

8. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

9. The United States District Court for the Western District of Washington has personal jurisdiction over Defendant because it does business in Washington and in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

11. At all times material to this action, Plaintiff was a resident of Pierce County, Washington.

12. At all relevant times, Defendant employed Plaintiff in King County, Washington. The events, acts, and omissions giving rise to Plaintiff's claims alleged herein occurred in King County, Washington.

**GENERAL ALLEGATIONS**

13. Defendant failed to pay Plaintiff and the class members at the minimum wage for all hours worked.

14. Defendant engaged in an unlawful policy and practice of requiring or permitting off-the-clock work and time rounding.

15. Instead of paying Plaintiff and the class members for all hours worked based on their daily time punches, Defendant improperly paid Plaintiff and the class members for their scheduled hours only. This practice was improper each time Plaintiff and the class members completed work outside of their scheduled hours and Defendant rounded those hours back to their scheduled hours, in effect shaving off hours actually worked. This unlawful practice resulted in unpaid minimum wages.

16. To the extent that this off-the-clock work amounted to over 40 hours in a week, this unlawful policy and practice resulted in unpaid overtime wages.

17. Defendant failed to include differentials, incentive payments, and other forms of non-excludable remuneration in the "regular rate" of pay used to lawfully calculate and pay overtime wages to Plaintiff and the class members.

18. During her employment, Plaintiff worked and was paid for overtime hours at a 1.5 multiple of her base hourly rate of pay or an otherwise deficient rate, instead of a 1.5 multiple of her regular rate, as lawfully defined in and required by 29 U.S.C. § 207(a)(1) and (e) and Washington state law.

19. For example, in the pay period beginning April 4, 2022, and ending April 17, 2022, Plaintiff worked over 24 overtime hours and earned a bonus of $119.20 and shift differentials, however, these overtime hours were paid at a deficient rate because Defendant failed to factor in these non-discretionary, non-excludable payments into the overtime rate.

20. This pay period is illustrative of other pay periods during Plaintiff's employment where Plaintiff earned bonuses, shift differentials, and other non-excludable forms of compensation.

21. Despite earning these additional forms of remuneration throughout the FLSA Period, Defendant did not pay Plaintiff's overtime at "a rate not less than one and one-half times the regular rate at which [s]he [was] employed." 29 U.S.C. § 207(a)(1).

22. The non-discretionary payments may not be excluded from the regular rate of pay under federal law, as they do not fall within one of the specifically enumerated exclusions.

23. When Defendant paid these types of remuneration to members of the Class and FLSA Collective in the same pay period in which those individuals earned overtime, the overtime rate and pay was depreciated because it did not factor in the monetary value of those earnings.

24. This practice resulted in systemic underpayments. See, e.g., *Flores v. City of San Gabriel*, 824 F. 3d 890, 901 (9th Cir. 2016) (affirming "cash-in-lieu of benefits payments are not properly excluded" from the regular rate of pay); *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 469 (1948) ("Where an employee receives a higher wage or rate because of undesirable hours or disagreeable work, such wage represents a shift differential or higher wages because of the character

of work done or the time at which he is required to labor rather than an overtime premium. Such payments enter into the determination of the regular rate of pay").

25. Defendant has engaged in a common course of willfully failing to provide Plaintiff and Class members with a paid ten-minute rest break for every four hours of work. As a result, Plaintiff and the class regularly worked four consecutive hours without a break.

26. Due to understaffing and the high demands of the job, Plaintiff and the class members regularly missed their rest periods.

27. Specifically, Plaintiff worked in the baggage area where Defendant demanded the bags be loaded and unloaded for each flight in a timely manner and in accordance with the flight schedules.

28. Due to understaffing, Plaintiff could not take a compliant rest period without falling behind schedule. As a matter of policy and practice, class members were also regularly deprived of compliant rest periods during their shifts.

29. As a result, Plaintiff and other class members were regularly unable to take compliant rest breaks daily and often worked through their entire shifts without a single rest break.

30. Defendant engaged in a common course of failing to provide Plaintiff and class members with additional pay for each missed rest break.

31. Similarly, Defendant has engaged in a common course of willfully failing to provide Plaintiff and class members with a thirty-minute meal period for every five hours of work or compliant second meal periods. As a result, Plaintiff and the class members regularly worked through their entire shift without a meal period.

32. Plaintiff and the class members regularly were unable to take compliant meal periods and regularly worked through them as a result of Defendant failing to provide adequate coverage and staffing.

33. Defendant has engaged in a common course of willfully failing to provide Plaintiff and Class members with thirty minutes of additional pay for missed meal breaks.

34. Defendant has had actual or constructive knowledge of the facts set forth herein.

**FLSA COLLECTIVE ALLEGATIONS**

35. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) and (d) to recover unpaid overtime wages and liquidated damages related to Defendant's violation of the FLSA.

36. Plaintiff seeks this relief on behalf of the "FLSA Collective":

  a. All current and former non-exempt hourly employees of the Defendant who worked for Defendant at any time during the three years preceding the filing of this action through the present date in the United States of America.

37. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked for Defendant within the statutory period for Defendant and she was paid overtime wages in the same pay period in which she was paid other forms of non-excludable remuneration, like differentials.

38. Although Plaintiff and the FLSA Collective may have had different job titles, worked at different locations or in different departments, received different hourly rates of pay, and received differentials, cash-in-lieu pay, and incentives under different codes and classifications, this action and the damages sought herein may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

  a. Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

  b. Plaintiff and the FLSA Collective were subject to Defendant's policies, practices, and directives with respect to overtime pay.

  c. Plaintiff and the FLSA Collective were paid overtime wages.

  d. Plaintiff and the FLSA Collective were paid additional forms of remuneration.

  e. Regardless of their job title or location, Defendant did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours worked.

39. Plaintiff estimates that the Class, including current and former employees during the Class Period, will exceed one hundred members, though the precise number of individuals should be

readily available from Defendant's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

40. The total number and identities of those individuals in the FLSA Collective—current and former employees of Defendant within the FLSA Period—is readily available employment and payroll records Defendant is obligated to maintain under state and federal laws.

41. The three-year statute of limitations set forth in 29 U.S.C § 255 applies because the obligation to pay overtime based upon the regular rate of pay, rather than the base rate, is well established and Defendant has failed to comply, despite the ability and resources to do so.

42. The First Cause of Action is properly brought and maintained as an opt-in collective action. 29 U.S.C. 216(b). The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## CLASS ACTION ALLEGATIONS

43. Plaintiff asserts claims on behalf of a putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff seeks to represent all past and present employees of Defendant who were classified hourly, non-exempt employees by Defendant beginning three years prior to filing of the Complaint in this action and continuing thereafter. Plaintiff is a member of the Class she seeks to represent.

44. Plaintiff brings the class claims herein individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to Defendant's violations of state wage laws.

45. Plaintiff pursues the requested relief on behalf of the following Class:

    a. All current and former non-exempt hourly employees of Defendant who worked in the State of Washington at any time during the three years preceding the filing of this action through the present date.

46. Plaintiff is a member of the Class she seeks to represent because she worked in the State of Washington within the past three years for Defendant.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Olney v. McGee Air Services*

47. This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons, and it is impractical to bring them all before the Court. Plaintiff reserves the right to modify the Class description or further divide it into subclasses.

48. <u>Ascertainability</u>: The proposed Class and its subclasses are ascertainable because they can be identified and located using Defendant's payroll, employment, and personnel records.

49. <u>Numerosity</u>: The potential members of the Class and its subclasses as defined is so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the Class and subclasses is unknown to Plaintiff but is estimated to be significantly more than 100 individuals. The number and identity of members can be readily ascertained using Defendant's records.

50. <u>Typicality</u>: Plaintiff's claims are typical of Class and its subclasses because all sustained similar damages arising out of Defendant's common course of conduct in violation of law, particularly with respect to Defendant's failure to include all forms of remuneration in the regular rate of pay for purposes of calculating and paying overtime and Labor Code § 226.7 wages.

51. <u>Adequacy</u>: Plaintiff is an adequate representative of the Class, will fairly protect the interests of Class, has no interests antagonistic to Class Members. Plaintiff will vigorously pursue this lawsuit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large wage and hour class actions.

52. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged, and is entitled to recovery, because of Defendant's unlawful policies. A class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system. Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

53. Although Plaintiff and the Class Members may have had different job titles, worked in different cities and counties, and received different hourly rates of pay, this action may be properly maintained as a class action because Plaintiff and the Class were similarly situated:

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

**Failure to Pay All Overtime Wages Owed [FLSA - 29 U.S.C. §§ 201 *et seq.*]**

**(Plaintiff and the FLSA Collective Against Defendant)**

54. Plaintiff incorporates all paragraphs of this Complaint as if set forth herein.

55. Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

56. Defendant employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

57. Defendant paid Plaintiff and the FLSA Collective non-excludable, non-discretionary forms of additional remuneration.

58. Defendant failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

59. Plaintiff and the FLSA Collective have been deprived of overtime wages owed for time worked more than 40 hours per week, due to the regular rate underpayments.

60. Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

61. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. As a result of Defendant's practice, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages, interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Violations of MWA and Violation of RCW 49.46 *et seq.* – Failure to Pay Minimum Wages**

**(Plaintiff and the Class Members Against Defendant)**

63. Plaintiff and the class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

64. RCW 49.46.120 establishes Washington State's minimum wage and provides for enforcement of more favorable minimum wages that may be established by federal, state, or local law or ordinance.

65. Defendant failed to pay Plaintiff and class members the minimum wage for all hours worked due to time rounding, which in effect resulted in unpaid hours worked.

66. By the actions above, Defendant violated the provisions of RCW 49.46.090.

67. As a result of unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090 are entitled to recover such amounts, including interest thereon, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest & Meal Periods**

**(Plaintiff and the Class Members Against Defendant)**

68. Plaintiff and the class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

69. RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

70. WAC 296-126-092 establishes employees shall be allowed paid rest periods and unpaid meal periods during their shifts.

71. Under Washington law, Defendant must provide employees with the rest and meal breaks to which they are entitled.

72. Failure to do so results in an employer's duty to pay employees ten minutes of additional pay for each missed rest break and thirty minutes of additional pay for each missed meal break.

73. Defendant violated the provisions of RCW 49.12.020 and WAC 296-126-092 and further violated the Washington Minimum Wage Act by not paying Plaintiff and the Class for missed rest and meal break periods.

74. As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## FOURTH CLAIM FOR RELIEF

**Violation of RCW 49.46 *et seq*. – Failure to Pay Overtime**

**(Plaintiff and the Class Members Against Defendant)**

75. Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

76. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 et seq. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

77. RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he or she is employed. Defendant failed to pay the required overtime rate to Plaintiff and Class members during the class period.

78. Defendant failed to pay Plaintiff and Class members for all time worked.

79. By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and RCW 49.46.130 by failing to pay all wages earned to Plaintiff and the Class for some of the time they worked, including but not limited to work they performed beyond 40 hours per week.

80. Defendant engaged in a common course of conduct by failing to ensure that Plaintiff and Class members have taken the rest and rest breaks to which they are entitled. Defendant failed to schedule their breaks.

81. Defendant engaged in a common course of conduct of failing to provide Plaintiff and Class members with ten minutes of additional pay for each missed rest break and thirty minutes of additional pay for each missed meal break.

82. By the actions alleged above, Defendant violated the provisions of RCW 49.46 et seq.

83. As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46 are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

## FIFTH CLAIM FOR RELIEF

**Violation of RCW 49.48 *et seq*. – Failure to Pay Wages on Termination**

**(Plaintiff and the Class Members Against Defendant)**

84. Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

85. RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

86. By the actions alleged above, Defendant violated the provisions of RCW 49.48.010.

87. As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.48.030 are entitled to recover of such amounts, including interest thereon, attorneys' fees, and costs.

**SIXTH CLAIM FOR RELIEF**

**Violation of RCW 49.52.050 — Willful Refusal to Pay Wages**

**(Plaintiff and the Class Against Defendant)**

88. Plaintiff and the Class realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

89. RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]illfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

90. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

91. The alleged unlawful actions by Defendant against Plaintiff and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of part of their wages.

92. As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

93. As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

**REQUEST FOR RELIEF**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For appointment for Plaintiff as class representative;

c. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d. For division of class members into appropriate classes and/or subclasses according to proof;

e.  For recovery of all statutory penalties and liquidated damages;

f.  For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g.  For restitution and injunctive relief;

h.  For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including 29 U.S.C. § 216(b), RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070;

i.  For recovery of damages in amount according to proof;

j.  For all recoverable pre- and pose-judgment interest; and

k.  For such other relief, the Court deems just and proper.

Dated: April 16, 2024

*Ferraro Vega Employment Lawyers, Inc.*

_/s/ Nicholas J. Ferraro_
Nicholas J. Ferraro (State Bar No. 59674)
Email: nick@ferrarovega.com
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855